March 1, 2025

Jonathan Kok

150 Ottawa Avenue NW

Grand Rapids Michigan 49503

Timothy Louris

Canadian Pacific Plaza

120 South Sixth Street, Suite 2400

Minneapolis, Minnesota 55402

RECEIVED

MAR 06 2025

LOURIS MARSHALL O'BRIEN

Re: UFCW Local 663/Seneca Foods/PTO Award

Enclosed is a copy of my 3/1/25 Arbitration Award and Bill for same.

Peter G. Davis

Arbitrator

BEFORE THE ARBITRATOR

In the Matter of the Arbitration of a Dispute Between

UNITED FOOD AND COMMERCIAL WORKERS LOCAL 663

and

SENECA FOODS CORPORATION

Appearances:

Timothy Louris, for the Union.

Jonathan Kok, for Employer.

**ARBITRATION AWARD**

I was selected by the parties to serve as the arbitrator of a paid time off grievance. On November 20, 2024, a hearing was held in Rochester, Minnesota. No transcript or recording of the proceedings was prepared, and the parties filed written arguments by December 20, 2024.

**DISCUSSION:**

The passage of Minnesota's Earned Sick and Safe Time law meant that the parties had to reach agreement on how to integrate the new law's provisions with employee's contractual vacation and sick leave benefits. To do so, when bargaining a successor agreement, the parties scrapped prior contractual benefits to vacation and sick leave and replaced them with a new paid time off benefit (PTO). Despite their best efforts, the parties ended up with two different understandings as to how the PTO benefit would be implemented if an employee was scheduled to work more than eight hours and had an unplanned absence.

The Employer's view is that if an employee is scheduled to work more than eight hours and has an unplanned absence, the employee must use any applicable PTO hours to cover the length of the absence. The Union's view is that if the employee is scheduled to work more than eight hours, the employee is obligated to use no more than eight hours of PTO even if the length of the absence exceeds eight hours.

Union witness testimony persuades me that the Union would not have ratified the new contract if it had understood the Employer's view as to how the new PTO benefit would be applied in the circumstances discussed in the preceding paragraph. Witness testimony from both parties further persuades me that there was no effort by either party to deceive the other and that the parties worked hard at coming to a common understanding of how the new benefit would work in various circumstances. Despite their best efforts, it turned out they did not come to a common understanding as to all situations that would arise.

Of course, arbitral resolution of this disagreement can easily be viewed as common place. Parties often have good faith disagreements about the meaning of contract language and turn to an arbitrator for resolution. I will proceed to resolve the disagreement here but only in the context of my view that there would have been no agreement reached had the good faith misunderstanding come to light before ratification. In that context and strongly influenced by my 50 years of mediating labor disputes, I cannot in good conscious issue an award that creates a winner and a loser.

Therefore, it is my award that unless the parties otherwise agree, the new PTO benefit will alternately be applied to each disputed absence occurring on or after April 29, 2024 (the date the grievance was filed) in a manner first consistent with the Employer's view and then next with the Union's view.

Issued at Madison, Wisconsin this 1st day of March 2025.

Peter G. Davis

Arbitrator